UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RODNEY E. JOHNSON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\*

On February 4, 2015, Defendant Rodney Johnson was sentenced to a term of imprisonment of 16 months and a term of supervised release of six years following his guilty plea to a charge of possessing oxycodone with the intent to distribute it. [Record No. 232] Johnson was also fined $1,000 for his criminal conduct. Before appearing in this Court, Johnson was held in the Montgomery County Detention Center on state charges. Now that those state charges have been resolved and Johnson has been transferred to federal custody to serve the sixteen-month sentence imposed by this Court, he seeks to receive credit for the period during which he was transferred to face federal charges (August 1, 2014) until he was returned to state custody (February 4, 2015), or a total of 187 days according to his calculations. [Record No. 327]

Johnson's motion will be denied because it is based on the faulty assumption that he did not receive credit for the time spent in custody while his federal charges were pending

-1-

and prior to being returned to resolve his pending state charges. Johnson did receive credit, but the credit is applied against his state charges.

The Indictment was returned in this matter on July 10, 2014. At that time, Johnson was held on state drug charges. As a result, on July 22, 2014, the United States sought and obtained a writ of habeas corpus ad prosequendum directing state officials to deliver Johnson to the United States Marshal for the Eastern District of Kentucky so that the charges contained in the federal indictment could be prosecuted. While Johnson was in temporary federal custody, primary custody remained with the Commonwealth of Kentucky. Later, when the federal charges were resolved, Johnson was returned to the Commonwealth so that the remaining state charges could be resolved.

According to Johnson, he was returned to state officials on March 2, 2015, and awarded "release" under Kentucky's Mandatory Release System on July 2, 2015. And on July 2, 2015, he was returned to federal custody to complete his federal sentence. In summary, and assuming Johnson dates are correct, he was in the primary custody of the Commonwealth of Kentucky from the time he was arrested on state charges until July 2, 2015, and he should have received credit against any state sentence for the time he was held awaiting federal charges. If he was, in fact, returned to federal custody on July 2, 2015, and all state time was served by that date, he should receive credit *beginning on that date* against his federal sentence. However, Johnson is not entitled to credit against his federal sentence for the 187 days requested in the current motion. Based on the foregoing, it is hereby

**ORDERED** that Defendant Johnson's Motion for Presentence Confinement Cerdit Nunc Pro Tunc [Record No. 327] is **DENIED**. Although the Court resolves the defendant

motion through this Order, it is unnecessary to address whether the relief sought should have been requested under 28 U.S.C. § 2241.

This 27th day of August, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge